IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES STROUSE, )<br>   ID # 15976-078, )<br>      Plaintiff, )<br>vs. )<br>)<br>JASON MABRY, et al., )<br>      Defendants. ) | No. 3:20-CV-3231-G-BH<br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form)*, received on October 23, 2020 (doc. 4). Based on the relevant filings and applicable law, the motion should be **DENIED**, and this case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I. BACKGROUND

On October 23, 2020, the *pro se* prisoner plaintiff, a resident in a halfway house, filed this suit against his probation officer, the probation office, and the Attorney General of the United States for allegedly violating his civil rights by seeking to enforce the conditions of his supervised release. (*See* doc. 3.) He also sought leave to proceed *in forma pauperis* (IFP). (*See* doc. 4.) By *Notice of Deficiency and Order* dated October 26, 2020, he was notified that because he was a prisoner in a halfway house, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915 applied, and his IFP application did not provide enough information to decide if IFP status was appropriate because it is not accompanied by the certificate of inmate trust account required by § 1915(a)(2). (*See* doc. 5.) The order specifically advised the plaintiff that he must either submit the required certificate of inmate trust account or pay the full filing fee within twenty-one days, and that a failure to do so

---

[1] By *Special Order No. 3-251*, this pro se prisoner case has been automatically referred for full case management.

could result in the dismissal of his case. *Id.* More than twenty-one days from the date of the order have passed, but the plaintiff has not filed a certificate of inmate trust account or paid the filing fee, and he has not filed anything else.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff has not provided a certified copy of the trust fund statement (or institutional equivalent) as required by 28 U.S.C. § 1915(a)(2). He has therefore not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the required filing fee.[2] His application to proceed *in forma pauperis* should be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid

---

[2] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the October 26, 2020 order that he file a certificate of inmate trust account or pay the filing fee within twenty-one days despite a warning that failure to do so could result in dismissal of the case. He has not filed anything else in the case. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed.

## IV.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files a certificate of inmate trust account or pays the filing fee within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 23rd day of November, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE